IRVING WOLINS, Respondent, *v.* JOHN C. WILMERDING, JOHN J. MORRIS and WILLIAM S. MITCHELL, Copartners Doing Business under the Firm Name of WILMERDING, MORRIS & MITCHELL, Appellants.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Set-off — upon valid claim — pleading — contract — damages — evidence — bankruptcy.

> In an action to recover damages for breach of a contract to deliver certain goods the answer pleaded a set-off for the balance due for goods delivered under the contract to plaintiff's assignor, and a reply thereto alleged, as an affirmative defense, that, prior to the assignment of the contract to plaintiff in bankruptcy proceedings against plaintiff's assignor, the claim referred to in defendant's set-off had been proved and allowed for the full amount and paid in part. *Held,* that, as at the time of the assignment of the contract to plaintiff the subject-matter of defendant's set-off was a valid claim against the

estate in bankruptcy of plaintiff's assignor, the reply pleaded no legal defense, and a demurrer thereto should have been sustained, it affirmatively appearing that the bankrupt had not received his discharge in bankruptcy at the time the reply was served.

APPEAL by the defendants from an order of the City Court of the city of New York, overruling the demurrer to the defense in the reply to the set-off in the amended answer.

Rosenberg & Ball (David W. Kahn, of counsel), for appellants.

H. Howard Babcock (Gerald B. Rosenheim, of counsel), for respondent.

WEEKS, J.   The complaint alleges that on or about June 9, 1916, defendants sold to the International Underwear Co., Inc., forty cases of cambric and agreed to deliver the same as required up to January 1, 1917, and that the underwear company agreed to pay for the same within sixty days; that the defendants delivered eight cases but have failed and refused to deliver the balance thereof although the plaintiff and said underwear company, prior to January 1, 1917, duly demanded delivery thereof and duly offered to pay therefor and were at all times ready, able and willing to pay therefor except as they were excused from so doing by defendants' refusal to deliver; that the underwear company duly assigned said agreement and all its rights and claims thereunder to plaintiff on December 22, 1916, and that plaintiff on December 28, 1916, duly notified defendants of such assignment.

The answer of defendants in addition to denials sets up three separate defenses: *First,* that the underwear company on October 17, 1916, was declared a bankrupt in involuntary proceedings; that at the time of

filing said petition the defendants had duly performed all the conditions and obligations of the contract set forth in the complaint; that by reason of the filing of the involuntary petition and the adjudication in bankruptcy the underwear company had become disabled from performing the contract on its part and did in fact fail to perform the same by failing to pay for the merchandise which had been delivered and had thereby breached its contract and the contract thereby became terminated and the defendants relieved from further performance.

*Second,* that between June 12, 1916, and September 27, 1916, the defendants delivered under said contract fourteen cases of cambric and that the underwear company paid for only two cases and has failed and refused to pay for the balance .of the twelve cases, amounting to $2,146.83, and has ever since failed to pay for the same except that defendants have received a first and final dividend from the bankrupt estate amounting to $981.35, and that by reason of such failure to pay the defendants elected to rescind the contract and duly notified said underwear company and the plaintiff thereof.

*Third,* that prior to the making of the contract the underwear company made false representations to defendants to induce the making of the contract, which representations were relied upon by defendants and were known to be untrue by said underwear company, and that upon the discovery of the falsity of said representations and before the assignment to the plaintiff defendants elected to and did rescind said contract.

The answer also alleged a set-off for the balance due for goods delivered to the underwear company between June 12, 1916, and September 27, 1916, and not paid for, amounting to $1,165.48, with interest, which

amount defendants claim to be entitled to set off against any recovery that plaintiff may obtain.

The plaintiff served a reply to the set-off, alleging as an affirmative defense thereto the filing of the involuntary petition in bankruptcy against the underwear company on October 17, 1916, and that said company was thereafter duly adjudicated a bankrupt; that the defendants thereafter and prior to December 22, 1916, duly filed and proved against the underwear company in said bankruptcy proceedings the claim referred to in the set-off; that prior to December 22, 1916, pursuant to an order of the District Court, the property, assets, effects and choses in action of the underwear company were sold and assigned to the plaintiff, in consideration of which he undertook and agreed to pay to the creditors of the underwear company forty-five per cent of the amount of their respective claims and the defendants were thereupon paid $981.35 upon their claim, and therefore at the time of the commencement of the action there were no moneys due and owing by the underwear company or the plaintiff to the defendants; that less than a year had expired since the underwear company was adjudicated bankrupt and that the time within which said underwear company may apply for its discharge in bankruptcy had not expired and said underwear company had not applied for or been denied its discharge from said bankruptcy proceedings.

To this defense the defendants interposed a demurrer and from the order overruling the demurrer this appeal is taken.

The opinion in the court below indicates that the sufficiency of the defense pleaded in the reply was sustained upon the theory that the defendants' claim of set-off was for damages for losing the benefit of a contract and that such set-off did not exist at the time of

• the assignment to plaintiff. In this construction of defendants' reply we think the learned judge was in error. The defendants' claim was not for damages for non-fulfillment of contract but was for the balance due for merchandise delivered under the contract. The defendants' claim for goods sold and delivered had been proved and allowed for the full amount in the bankruptcy procedings and at the time of the assignment to plaintiff it was a valid claim against the bankrupt for the full amount, and, although there was a payment made on account of the claim out of the moneys paid by plaintiff for the assignment upon which he sues, such payment did not discharge the bankrupt of the balance unpaid upon the proven claim. It is not pleaded that the moneys received by the creditor were in pursuance of a composition which upon confirmation would operate as a discharge (Bankruptcy Act, § 14, subd. C.), and it affirmatively appears that the bankrupt had not been discharged at the time the reply was served.

The defendants' claim exists against the bankrupt until the bankrupt is discharged and it was therefore an existing claim at the time of the assignment to plaintiff, and could properly be pleaded as a set-off against the plaintiff as the assignee of the bankrupt's rights, if any, under the contract, because it could certainly have been allowed against the bankrupt while the claim in suit belonged to the bankrupt.

The claim of respondent that the set-off is not available to defendants because they " did not breach the contract upon which plaintiff sues, until long after the adjudication, when plaintiff demanded delivery " is without merit as the complaint alleges that " plaintiff and *International Underwear Co., Inc.,* duly demanded delivery thereof prior to January 1, 1917." No such demand could have been made by the underwear company after adjudication.

I am unable to agree with the conclusion reached· by the learned court below that "to allow this set-off would in effect defeat the object of the Bankruptcy Act for the allowance thereof would give the defendants full redemption, whereas the mandate only granted a fraction thereof."

The defendants are not claiming payment from plaintiff for the goods furnished under the contract which were not paid for but are only seeking to set off against a claim for breach of the contract, under which they delivered goods for which they have not yet been paid in full, the amount remaining unpaid in the event that it should be determined that the contract was breached by them and not by plaintiff's assignor.

As the debt of plaintiff's assignor has not been fully discharged, the reply does not set up any legal defense to the set-off and the demurrer thereto should have been sustained.

The order appealed from is therefore reversed, with costs, and the demurrer sustained, with ten dollars costs.

GUY and MULLAN, JJ., concur.

Order reversed, with costs.